Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel II

| | | |
|---|---|---|
| LUNA RESIDENTIAL, LLC<br>Recurrida<br><br>v.<br><br>LA SUCN. DE PERFECTO VICENTE MASSO, COMPUESTA TAMBIÉN POR SUS HIJOS CARMEN M. VICENTE VÉLEZ; HÉCTOR LUIS VICENTE VÉLEZ; FULANO DE TAL y MENGANA MÁS CUAL; CENTRO DE RECAUDACIÓN DE INGRESOS MUNICIPALES (CRIM)<br>Peticionarios | KLCE202400163 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Guaynabo<br><br>Caso Núm. GB2019CV00099<br><br>Sobre: Cobro de Dinero y Ejecución de Hipoteca |

Panel integrado por su presidente, el Juez Bermúdez Torres, el Juez Adames Soto y la Juez Aldebol Mora

Adames Soto, Juez Ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 16 de abril de 2024.

a.

La señora Carmen Vicente Vélez, (señora Vicente Vélez o peticionaria) sostiene que incidió el foro primario al declarar *No ha lugar* una presunta solicitud de relevo de orden al amparo de la Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2. En el contexto de una acción de cobro de dinero y ejecución de hipoteca instada por Luna Residential, LLC., (la recurrida), contra la señora Vicente Vélez, esta última arguye ante nosotros que el Tribunal de Primera Instancia (TPI) incidió al haber dado por culminado el proceso de mediación en el que se encontraban enfrascadas las partes, y en su lugar ordenar la continuación de la causa de acción instada. Es precisamente de tal dictamen interlocutorio del cual recurre ante nosotros la peticionaria,

aduciendo que existió una causa justificada por la cual se ausentó del último señalamiento que hiciera el Centro de Mediación de Conflictos (CMC) para lograr una mediación, que debió mover al TPI a no dar por concluido el proceso de mediación. En definitiva, la señora Vicente Vélez aspira como remedio a que ordenemos la continuación del proceso de mediación, revocando así el dictamen interlocutorio que marcó su final.

Contrario a ello, la recurrida aduce que, antes del TPI dar por terminado el proceso de mediación, se le había concedido a la señora Vicente Vélez un alto número de oportunidades para mediar, sin que ello se alcanzara. Respecto al último señalamiento por la CMC para llevar a cabo una vista de mediación, la recurrida resaltó que fue la peticionaria quien escogió la fecha para celebrar, pero se ausentó a ella sin acreditar los alegados eventos que justificarían tal ausencia, sino hasta pasado los términos para presentar una moción de reconsideración o recurso de *certiorari*. En el detallado recuento procesal que la recurrida plasmó sobre las distintas vistas de mediación acordadas por las partes y el CMC, sin resultado, puso de manifiesto también las diversas oportunidades que el foro recurrido le concedió a la señora Vicente Vélez para mediar, antes de determinar sobre la culminación dicho proceso.

b.

Según se sabe, el auto de *certiorari* permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *800 Ponce de León Corp. v. AIG,* 205 DPR 163, 174 (2020); *Municipio Autónomo de Caguas v. JRO Construction,* 201 DPR 703, 710 (2019); *Medina Nazario v. McNeil Healthcare LLC.,* 194 DPR 723, 728 (2016). Es, en esencia, un recurso extraordinario mediante el cual se solicita al tribunal intermedio la corrección de un error cometido por el tribunal inferior. *García v. Padró,* 165 DPR 324, 334 (2005).

Distinto al recurso de apelación, el *certiorari* es un recurso extraordinario cuya característica se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *McNeil Healthcare LLC. v. Mun. Las Piedras I,* 206 DPR 391 (2021)*,* supra; *800 Ponce de León Corp. v. AIG,* supra. Este Tribunal tiene la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del TPI. *Torres Martínez v. Torres Gigliotty*, 175 DPR 83 (2008).

El mismo alto Foro citado ha establecido que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto. *Coop. Seguros Múltiples de P.R. v. Lugo*, 136 D.P.R. 203 (1994). En la misma tónica, no debemos interferir con el foro primario en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este último: (i) actuó con prejuicio o parcialidad; (ii) incurrió en un craso abuso de discreción, o; (iii) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Rivera y otros v. Bco. Popular*, 152 DPR 140 (2000).

c.

Luego de haber evaluado los planteamientos alzados por la peticionaria en su recurso de *certiorari,* no apreciamos que acontezcan las circunstancias que nos habiliten para intervenir con la *Resolución* cuya revocación solicita. Por tanto, declinamos ejercer nuestra facultad discrecional de expedir el recurso de *certiorari* solicitado, tras haber sopesado: las numerosas oportunidades que tuvo la peticionaria para llevar a cabo el proceso de mediación ante el CMC; la flexibilidad mostrada por este último para acomodar en múltiples ocasiones las posposiciones de vistas programadas; la consideración del TPI en

conceder amplio espacio para que se tratara de lograr una mediación, aun teniendo en cuenta asuntos particulares que surgieron durante dicho proceso, (como el emplazamiento de un codemandado, ya avanzado el proceso, que justificó otra posposición); y la oportunidad que tuvo la peticionaria, a través de su último representante legal, para presentar oportunamente ante el TPI una moción en la que enarbolara la presunta justa causa por la cual se ausentó a la última fecha señalada para la vista de mediación, pero no lo hizo sino pasados los términos para reconsiderar y/o instar recurso de *certiorari*.

Es por lo expuesto que no observamos en el dictamen recurrido atisbo del prejuicio, la parcialidad, el error manifiesto, o alguna otra circunstancia extraordinaria, que justificarían nuestra intervención.

d.

En consecuencia, *Denegamos* expedir el recurso de *certiorari* presentado.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones